## Commonwealth ex rel. Zampitella v. Dolan

*Charles F. Mayer,* for relatrix.
*Peter A. DeLiberty,* for defendant.

CATANIA, June 2, 1971.—The record in this case reveals that on April 17, 1967, an order was entered in the Domestic Relations Office of Delaware County in the sum of $45 per week for the support of Ida Dolan and two children. The parties were later divorced and on September 23, 1968, the order was amended so that the sum was reduced to $30 per week for the support of the two children alone.

Defendant complied with the order until May 5, 1969, at which time defendant received a telephone call from Florida from his former wife. Defendant and his ex-wife agreed that if defendant would go to Florida and take permanent custody of one of the children, Hugh, Jr., no further support for either child

would be demanded by the ex-wife. On May 20, 1969, defendant went to Florida and obtained his son and returned to Pennsylvania without ever seeing his ex-wife. The child was delivered to him at the airport in Florida.

On May 22, 1969, the Domestic Relations Office in Media, Delaware County, Pa., received a letter signed by both parties setting forth their agreement. On October 14, 1969, defendant, through his attorney, filed a petition and rule to vacate the support order and all arrearages which had accumulated since May 5, 1969. This rule was made returnable October 29, 1969, and notice was sent by certified mail to the relatrix at her last known address, which was in Upper Darby, since defendant did not know relatrix' whereabouts in Florida. Notice was also given by telephone to relatrix' last attorney, who indicated at that time that he did not represent her, and to the district attorney's office of Delaware County. On October 29, 1969, an order was signed vacating the prior support order since relatrix did not appear and did not defend the rule to show cause.

The matter before the court at the present time arose from a hearing held before us on March 26, 1971, at which time the order of October 29, 1969, was challenged by relatrix on the grounds that no proper notice was given by defendant and that the order to vacate signed at that time should be revoked. Defendant testified that in May 1969, after receiving the telephone call from his ex-wife, he went to Florida to pick up his son. He was met at the Florida airport by two women who had his son with them and turned his son over to defendant. Defendant then asked that relatrix sign a paper which he gave these women and which they took to her and had signed. Defendant at this nor at any other time, as far

as this record discloses, did not know the where-abouts of relatrix in the State of Florida. It is for this reason that the notice on the petition to revoke was sent in care of a Mrs. Robinson at 642 Copley Road, Upper Darby, Pa. Mrs. Robinson is a relative of rela-trix and was very vague about her activities in for-warding mail to relatrix while she was in the State of Florida. The relatrix, though, later admitted that while she was in Florida, her support checks were sent to her aunt's house at Copley Road and were forwarded to her by her aunt. This was apparently her procedure for receiving all of her mail at that time.

From the evidence presented to us, we were con-vinced at the time of the hearing that the parties did enter into an agreement in 1969 by which the support order in Delaware County for the two children was to be dropped with the assuming of custody of the one child, Hugh Dolan, Jr., by the father. We were also convinced that the petition filed on October 14, 1969, to officially vacate the order for the two children and any arrearages was properly served upon relatrix, it being the feeling of this court that all of her mail was being sent to her by her aunt from the Copley Road address, and that defendant did not know her where-abouts in the State of Florida at that time.

At the time of the most recent hearing, we entered a new order for the support of the daughter, who is presently with the mother, in the sum of $15 per week. We did this despite the letter signed by relatrix waiving support for either of the two children. This, of course, is based upon the law that a parent cannot bargain away a child's right to support. It may seem inconsistent to do this and not at the same time rein-state the arrearages from October 29, 1969, to the present time. We do not feel that it is inconsistent

for the reason that relatrix did this as a voluntary act, giving up the right to support, for all of that period of time she took no steps to reinstate her right to support and although a parent cannot bargain away a child's right to support, there is no requirement that the parent come in and ask for it. This she did not do and, somehow, for whatever reasons best known to her, she managed during this period of time. In view of this, we do not think that defendant should at the present time be compelled to be responsible for such arrearages since we have strong feelings at this point that such a lump sum would not go to the benefit of the child. In any event, it is for these reasons that we entered our order of March 26, 1970.